UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOSHUA MICHAEL HAVENS** | **CIVIL ACTION NO. 23-1242** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ELIZABETH E. FOOTE** |
| | |
| **MOREHOUSE PARISH CLERK OF COURT** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Joshua Michael Havens, a prisoner at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately September 8, 2023, under 42 U.S.C. § 1983. He names as defendant the Morehouse Parish Clerk of Court in his or her official capacity.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

In his initial pleading, Plaintiff claims that the Morehouse Parish Clerk of Court removed his "Certificate of Ministry (ordainment)" and "DD214," which he needed for "legal purposes," from files without "notice or reason." [doc. # 1, p. 4]. He adds that an attorney was unable to locate the documents. *Id.* Plaintiff attaches a copy of his "DD Form 214." [doc. # 1-2].

Plaintiff filed an amended pleading on approximately November 16, 2023. [doc. # 12]. For context, the undersigned presents most of the amended allegations verbatim:

> The Clerk's refusal to acknowledge the ordainment afforded to the Plaintiff by the Universal Life Church, along with his DD-214 from the Dept. of Defense, specifically the United States Marine Corps; (USMC); with no chain of custody of such paperwork, made the plaintiff ineligible for veteran eligible programs

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

> such as Veteran's Court. The lack of retaining the ordainment shows a blatant disregard to the plaintiff's constitutional freedom of religion rights, protected by the DD214 in which he took an oath to defend. The plaintiff's criminal record has been affected by this, his rights violated, no authorization for removal given, unnoticed until January 4, 2023, due to events.
>
>  . . . .
>
> I have since mailed new copies of my DD214 and ordainment to the Clerk.

*Id.* at 1-2.

For relief, Plaintiff seeks either (1) to enjoin defendant to retain his "religious and military documents" on file or (2) "$5,342,482,387,666.00 in damages as that is the legal number (universal number) per the Urantia Book of our planet given by God." [doc. # 1, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614

3

F.3d 145, 148 (5th Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Official Capacity**

Plaintiff seeks relief from the Morehouse Parish Clerk of Court in his or her official capacity. [doc. # 1, p. 2].

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell v. Dep't of Soc. Servs. of City of*

4

*New York*, 436 U.S. 658, 691 (1978).  Consequently, the Court must conduct a municipal liability analysis under the *Monell* framework.  *See Southard v. Tex. Bd. of Crim. Just.*, 114 F.3d 539, 551 (5th Cir. 1997) (noting the § 1983 liability standards for a municipality are the same as those for "an individual to whom the municipality has delegated responsibility to directly supervise the employee").

"[M]unicipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"  *Burge*, 187 F.3d at 471 (*quoting Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)); *Evett v. DETNTFF,* 330 F.3d 681, 689 (5th Cir. 2003).  Under *Monell*, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)."  *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002) (*citing Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)).

Here, Plaintiff does not allege that defendant implemented an unconstitutional policy, practice, custom, or procedure that deprived him of any constitutional right.  Rather, he suggests that defendant was *not* authorized by policy to remove his filings, alleging, "No authorization for removal given . . . ."[3]  [doc. # 12, p. 2].

---

[3] *See McNeil v. Welborn*, 2022 WL 620706, at *4 (M.D. La. Jan. 6, 2022), *report and recommendation adopted,* 2022 WL 256292 (M.D. La. Jan. 26, 2022) ("[E]ach of the policies or customs asserted by Plaintiffs are alleged 'deviations from, or violations of,' the statutory duties of the Clerk of Court. . . . Accordingly, the actions which Plaintiff contends constitutes policies or customs are not endorsed by the municipality. . . . Plaintiff's official capacity claims fail because he has not established a policy or custom that falls within the first type of policy.").

Instead of describing policy, Plaintiff simply recounts the effects of some isolated and unidentified action or omission. *See McWilliams v. City of Houston*, 2022 WL 17337820, at *6 (5th Cir. Nov. 30, 2022) ("Plaintiffs' allegations are conclusory insofar as they are only based on Stephen's interaction with the individual defendants."); *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (finding no custom where "the complaint's only specific facts appear in the section laying out the events that gave rise to this action."); *Yates v. Unidentified Parties*, 73 F. App'x 19, 20 (5th Cir. 2003) ("Yates's complaint amounts to no more than an isolated incident, which will not trigger official liability on Sheriff Strain's part.").[4] Accordingly, the Court should dismiss these claims.[5]

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joshua Michael Havens' claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation

---

[4] *See also Doe v. Harris Cty., Texas*, 751 F. App'x 545, 550 (5th Cir. 2018) ("The only factual support offered for the conclusion that a policy or custom existed is that Doe herself was jailed. If this court were to treat this allegation as sufficient, it would collapse municipal liability under § 1983 into respondeat superior, which we plainly may not do."); *Sanchez v. Young Cty., Texas*, 866 F.3d 274, 280 (5th Cir. 2017) ("A municipality is almost never liable for an isolated unconstitutional action on the part of an employee.") (quotations and quoted sources omitted).

[5] *See Friddell v. Gatewood*, 141 F.3d 1163 (5th Cir. 1998) (affirming the dismissal of claims against a county and county officials in their official capacity because the plaintiff "offered no evidence as to a policy or custom on behalf of" the county); *Fox v. Wardy*, 200 F. App'x 323, 324 (5th Cir. 2006) ("The district court did not err in dismissing Fox's claims against the defendants in their official capacities, because Fox did not allege an official policy, practice or custom that was linked to a constitutional violation.").

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 29th day of December, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge